# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 24 2012

Stephan Harris, Clerk
Cheyenne

**UNITED STATES OF AMERICA**

v.

**IRMA MEJIA-RODRIGUEZ**

**CRIMINAL COMPLAINT**

CASE NUMBER: 12-MJ-11-F

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about September 19, 2007, in the District of Wyoming, the Defendant **IRMA MEJIA-RODRIGUEZ,** for the purpose of obtaining employment, and with the intent to deceive, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to her, that is social security number XXX-XX-5712, when in fact such number was not the social security number assigned by the Commissioner of Social Security to her.

In violation of 42 U.S.C. § 408(a)(7)(B).

I further state that I am a Special Agent and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT
CHRISTOPHER LOBATO**

Continued on the attached sheet and made a part hereof:   X Yes      No

_____
Signature of Complainant
**Christopher Lobato**

Sworn to before me and subscribed in my presence,

**January 24, 2012**         at    **Cheyenne, Wyoming**

Date                                       City and State

**Hon. Alan B. Johnson
United States District Court Judge**                    _____

Name & Title of Judicial Officer                    Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## SPECIAL AGENT CHRISTOPHER LOBATO
## U.S. v. MEJIA-RODRIGUEZ

1. I, Christopher Lobato, am the affiant herein. I am a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) assigned to the Cheyenne, Wyoming office. I have been employed in this capacity since April 2006. I have successfully completed the 11-week Criminal Investigator Training Program and the 11-week Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to my employment with ICE, I was employed for eight years with the United States Border Patrol as a Border Patrol Agent and Supervisory Border Patrol Agent. Based on my training and experience in the investigation and enforcement of federal customs and immigration laws, I present the following information. This information is based upon my investigation of the facts outlined below, my review of reports by other law enforcement officers, my discussions with the individuals mentioned herein, and my own personal observations.

2. On October 26, 2011, your affiant obtained several copies of Form I-9, Employment Eligibility Verification, from the Little America Hotel located in Cheyenne, Wyoming pursuant to a Form I-9 audit of the business. The purpose of Form I-9 is to document that each new employee hired, both citizen and non-citizen, is authorized to work in the United States. All employees hired and working in the United States are required to complete the Form I-9. All employees are also required to show documentation, which proves their employment eligibility, to the employer when the Form I-9 is submitted. The Form I-9 must be completed and signed by the new employee at the

time employment begins. 8 C.F.R § 274a.2 requires employers to present Form I-9 for inspection to ICE officers upon request.

3. Upon review of the documents, your affiant observed a Form I-9 completed in the name **IRMA MEJIA-RODRIGUEZ**. On the Form I-9, **MEJIA-RODRIGUEZ** listed a date of birth of January 21, 1969 and a Social Security Number (SSN) XXX-XX-5712. **MEJIA-RODRIGUEZ** also indicated on the Form I-9 that she was a Lawful Permanent Resident of the United States, and listed her Alien Registration Number as 091876765. **MEJIA-RODRIGUEZ** attested to this information and certified the Form I-9 on September 19, 2007. Further review of the Form I-9 showed that Human Resources Manager for Little America Hotel, Debbie Kaiser, examined these documents and certified to their examination on Spetember 19, 2007.

4. On November 1, 2011, your affiant electronically accessed ICE indices and queried Alien Registration Number 091876765. ICE indices indicated that Alien Registration Number 095240754 was issued to a Mexican national with the last name of Hernandez. Based on this information, Alien Registration Number 091876765 is not a valid number assigned to **MEJIA-RODRIGUEZ**.

5. On November 14, 2011, your affiant contacted the Social Security Administration-Office of the Inspector General (SSA-OIG) in Denver, Colorado; and inquired as to the validity of the SSN which **MEJIA-RODRIGUEZ** had listed on her Form I-9. SSA-OIG advised that SSN XXX-XX-5712 had not been issued by the Commissioner of Social Security to **MEJIA-RODRIGUEZ**. SSA-OIG attested to this fact via facsimile which indicated that SSN XXX-XX-5712 was not a match for **MEJIA-RODRIGUEZ**.

6. On January 24, 2012, HSI Special Agents performed a consent search at **MEJIA-RODRIGUEZ's** residence located at 300 East Prosser Road, Lot 131, Cheyenne, Wyoming. Agents identified themselves and requested consent to enter the residence to speak with **MEJIA-RODRIGUEZ**. **MEJIA-RODRIGUEZ** granted consent. During the search of the residence, agents found a fraudulent Social Security card with SSN XXX-XX-5712, displaying the name **IRMA MEJIA-RODRIGUEZ**. Agents also found a fraudulent Lawful Permanent Resident card with Alien Registration number 091876765 displaying the name **IRMA MEJIA-RODRIGUEZ**. These are the same numbers listed on the Form I-9 which **MEJIA-RODRIGUEZ** submitted to managers at the Little America Hotel in Cheyenne in September 2007.

7. **MEJIA-RODRIGUEZ** was advised of her *Miranda* rights by HSI Special Agents. **MEJIA-RODRIGUEZ** stated that she understood her rights and agreed to answer questions. The questioning was conducted in the Spanish language, with HSI Special Agent Christopher Lobato acting as the primary translator. During the interview, **MEJIA-RODRIGUEZ** was questioned as to her immigration status. **MEJIA-RODRIGUEZ** admitted to being a citizen of Mexico present illegally in the United States. **MEJIA-RODRIGUEZ** was also questioned as to the documents she used to gain employment at the Little America Hotel in Cheyenne, Wyoming. **MEJIA-RODRIGUEZ** admitted that the Social Security card she used was fraudulent. **MEJIA-RODRIGUEZ** stated that she didn't remember where she had purchased the card or how much she had paid for it. **MEJIA-RODRIGUEZ** admitted that she had presented the fraudulent Social Security card to managers at Little America Hotel in order to gain employment. **MEJIA-RODRIGUEZ** also admitted that she claimed to be a Lawful Permanent Resident to Little America

Hotel managers, when in fact she was not. **MEJIA-RODRIGUEZ** was advised of her right to speak with an officer from the Mexican consulate, per the I-213 Record of Deportable/Inadmissible Alien form.

8.  Based on my review of the documentation and the totality of the facts articulated herein, I believe the suspect, **MIRIAM MEJIA-RODRIGUEZ**, presented a false Social Security card in order to gain employment in the United States, in violation of 42 U.S.C. § 408(a)(7)(B).

**END OF AFFIDAVIT**

# DETAINER

File No.

Date: 01/24/2012

| To: | From: |
|---|---|
| U.S. MARSHALS SERVICE<br>2120 CAPITOL AVENUE<br>CHEYENNE, WY<br>(307) 772-2196 | United States Department of Homeland Security<br>Bureau of Immigration and Customs Enforcement<br>308 West 21st Street<br>Cheyenne, Wyoming 82001<br>Telephone: (307) 772-2040   Fax: (307) 772-2044 |

Name of alien: **IRMA MEJIA-RODRIGUEZ**

Date of Birth  01/21/1969   Nationality: Mexico   Sex: FEMALE

**You are advised that the action noted below has been taken by the Bureau of Immigration and Customs Enforcement concerning the above-named inmate of your institution:**

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ (Date).

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date).

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment, which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for Bureau of Immigration and Customs Enforcement to assume custody of the alien. You may notify the Bureau by calling (307) 772-2040 during business hours or (307) 275-2680 after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of the form and return it to this office
    Return fax to the attention of _____ at _____

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Bureau on _____

Christopher Lobato    [signature]    HSI Special Agent
(Signature of Bureau official)              (Title of Bureau official)

**Receipt acknowledged.**

Date of latest conviction: _____   Latest conviction charge: _____

Release date: _____

Signature and title of official: _____

Form I-247 (Rev. 03-01-03)N

# PENALTY SUMMARY

**DEFENDANT NAME:** IRMA MEJIA-RODRIGUEZ

**DATE:** January 24, 2012

**INTERPRETER NEEDED:** ✔ Yes ___ No

THE GOVERNMENT, PURSUANT TO RULE 18, F.R.Cr.P., WITH DUE REGARD FOR THE CONVENIENCE OF THE DEFENDANT, ANY VICTIM AND WITNESSES, AND THE PROMPT ADMINISTRATION OF JUSTICE, REQUESTS TRIAL BE HELD IN:

✔ Cheyenne ___ Casper ___ Lander ___ No Preference

**VICTIM:** ___ Yes ✔ No

**SEAL CASE:** ___ Yes ✔ No

**OFFENSE:** 42 U.S.C. § 408(a)(7)(B)
(Misuse of a Social Security Number)

**PENALTIES:** 0-5 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**AGENT:** Christopher Lobato, ICE    **AUSA:** Lisa E. Leschuck

**ESTIMATED TIME OF TRIAL:** ✔ 1-5 days ___ more than 5 days

THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:

✔ Yes ___ No

**The court should not grant bond because the Defendant is not bondable because there are detainers from other jurisdictions:**

___ Yes ___ No